[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON THE FOLLOWING POST JUDGMENT MOTIONSDEFENDANT'S MOTION NO. 121
The defendant's Motion to Compel Arbitration and Award Use and Occupancy is Denied.
The Motion to Compel was not pressed at the hearing. The request for an award for use and occupancy is not applicable since the movant has no title interest to the premises, thus no CT Page 3959 legal standing to press this claim.
PLAINTIFF'S MOTION NO. 122
The court finds that the defendant paid to the plaintiff all outstanding sums ordered by the court with the exception of support payments due from September 1, 1996 to October 19, 1996, at the rate of $285.00 per week, i.e. seven weeks at $28.00 per week amounting in total to $1,995.00.
These support payments were not court modified nor terminated so are due and owing from the defendant to the plaintiff.
The court notes that the defendant notified the plaintiff in writing that he was terminating the support payments for their minor son because he had entered college and was no longer residing with the plaintiff. Further, that since the defendant was financing these college expenses, including room and board, he was fulfilling the support obligation required of him.
However the defendant may have interpreted the court ordered support obligation, the decree entered by the court specifically set out the higher education expenses for the son as being in addition to the support obligation while the son was a minor.
That paragraph 4, of this motion is ruled on by the court as a part of its ruling on the following Motion No. 123.
DEFENDANT'S MOTION NO. 123
Defendant's Post Judgment Motion for Contempt dated November 7, 1997
The court finds for the plaintiff as to Paragraphs 2a, 2b and 2c and 4. The court denies the motion with regard to these paragraphs:
As to Paragraph 3, the court orders that one moped motorcycle and two Bose stereo speakers be turned over forthwith by the plaintiff to the defendant as arranged between counsel.
As to Paragraph 5 (including Paragraph 4 of Plaintiff's Motion No. 122), the court finds and issues the following Orders:
The January 25, 1993 decree on Page 5, Paragraph B sets out the percentage of net proceeds due to the husband-defendant, for CT Page 3960 the transfer of his interest in the family home. The plaintiff did not elect the option of selling the house by December 31, 1996. It then became necessary for the parties to agree to the value of the house. They have stipulated at the hearing on this motion that for purposes of this paragraph the value is to be $214,000.00. The court finds that this value as of December 31, 1996 is to be reduced by the principal amounts of the first mortgage of $108,869.00; and the second mortgage of $49,245.00. That anticipating sales expenses are not to be used to arrive at the net proceeds for purposes of determining the sum due to the defendant from the plaintiff.
Thus, the sum due to the defendant from the plaintiff under Paragraph B, Page 5 of the court's decree dated January 25, 1993 is as follows:
Values as of December 31, 1996
 Real estate value $ 214,000.00 Less outstanding mortgages:
 First $108,869.00 Second 49,245.00 158,114.00 ---------- ---------- $ 55,886.00
50 per cent to defendant $ 27,943.00
Less arrearages due plaintiff:
 Support (September 1, 1996-October 19, 1996 at $285.00 per week (7 weeks) $1,995.00
 Alimony (For November December 1996) 1,200.00 $ 3,195.99 -------- ---------- Balance due defendant from plaintiff $ 24,748.00 Together with interest at 5% from December 31, 1996 to February 26, 1998 1,237.40 -------- $ 25,985.40
The court has included nominal interest of 5% on the balance due to the defendant as a benefit gained by the plaintiff by CT Page 3961 withholding payment to the defendant.
Although the parties were unable to reach an agreement as to the exact amount that would be due to the defendant the plaintiff did have a valuation in mind and could have minimized the loss to the defendant by placing this sum in escrow for the benefit of the defendant or made other arrangements to produce the same results.
Thus, the court assigned blame to each of the parties in setting the interest rate.
The plaintiff is to pay the amount due to the defendant by April 17, 1998, after which date the interest rate is to increase to 10% per annum.
It is or Ordered.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE